DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ANDREOZZI BLUESTEIN LLP, )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>WALEED MOHAMMED HAMED, )<br>)<br>**Defendant.** )<br>_____) | Civil Action No. 2017-0014 |

**Attorneys:**
**Edward L. Barry, Esq.,**
St. Croix, U.S.V.I.
**Michael J. Tedesco, Esq.,**
Clarence, NY
 *For Plaintiff*

**Mark W. Eckard, Esq.,**
St. Croix, U.S.V.I.
 *For Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Waleed Mohammed Hamed's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion") and its corresponding Memorandum of Law in Support (Dkt. Nos. 4, 5), and Plaintiff Andreozzi Bluestein LLP's ("Plaintiff") Opposition to Defendant's Motion ("Opposition") (Dkt. No. 8). For the reasons discussed below, the Court will deny Defendant's Motion as moot.

Plaintiff—a limited liability partnership ("LLP")—commenced this action by filing a Complaint on March 14, 2017, alleging breach of contract. (Dkt. No. 1 at 1). Plaintiff's Complaint further asserted that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *Id.*

Defendant filed the instant Motion on April 19, 2017, requesting that the Court dismiss the Complaint with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(1). (Dkt. No. 4 at 1). Defendant argues that Plaintiff's Complaint is "facially defective because it does not properly allege diversity jurisdiction." *Id.* Specifically, Defendant asserts that Plaintiff's Complaint "fails to allege the identity and citizenship of each [LLP] partner" as required to properly plead Plaintiff's citizenship. (Dkt. No. 5 at 3). Defendant argues that "Plaintiff's failure to properly allege the citizenship of Plaintiff leaves the Court without any way of knowing if, in fact, the Court has subject matter jurisdiction over this Action," and therefore the Complaint does "not allege facts sufficient to invoke the Court's jurisdiction." *Id.* at 3-4.

Plaintiff responded to Defendant's Motion by filing an Amended Complaint (Dkt. No. 7) and the instant Opposition on May 3, 2017. Plaintiff's Amended Complaint specifically identifies the individual partners of the LLP, whose names were omitted from Plaintiff's original Complaint. (Dkt. No. 7 at 1; Dkt. No. 1 at 1). Accordingly, Plaintiff states in its Opposition that it has "cured the facial defects" alleged in Defendant's Motion, and that Defendant's Motion should therefore be denied as moot. (Dkt. No. 8 at1). Plaintiff further asserts that the Amended Complaint was "properly filed without leave to amend from the Court" under Federal Rule of Civil Procedure 15(a)(1)(B). *Id.* at 2.

Title 28 U.S.C. § 1332(a) provides that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The statute is generally understood as requiring complete diversity between plaintiffs and defendants, meaning that, "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). For purposes of diversity jurisdiction, "the citizenship of partnerships and other unincorporated associations is determined

by the citizenship of its partners or members." *Zambelli Fireworks*, 592 F.3d at 420 (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d. Cir. 2008)). "Thus, in the context of partnerships, the complete diversity requirement demands that all partners be diverse from all parties on the opposing side." *Pike Co. v. Chesapeake Operating, Inc.*, 2013 WL 432928, at *1 (M.D. Pa. Feb. 4, 2013) (citing *Swiger*, 540 F.3d at 183 (internal citation omitted)). The party asserting diversity jurisdiction "bear[s] the burden of proving diversity of citizenship by a preponderance of the evidence." *In re Lipitor Antitrust Litigation*, 855 F.3d 126, 150 (3d Cir. 2017) (citing *Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014)). As such, Plaintiff in this case must demonstrate that none of its members are citizens of the same state as Defendant in order to establish the Court's diversity jurisdiction over this action.

Although Plaintiff's original Complaint alleged that "each partner of Plaintiff, a limited liability partnership, is a citizen of the State of New York and Defendant is a citizen of the U.S. Virgin Islands," the Complaint did not identify the individual members of the LLC by name. (Dkt. No. 1 at 1). Defendant argues that the facts alleged in Plaintiff's Complaint were therefore insufficient to establish the Court's subject matter jurisdiction. (Dkt. No. 4 at 3-4). The Court concludes that Plaintiff—as the proponent of diversity jurisdiction—is required to identify the individual members of the LLC and their respective citizenships to meet its burden of demonstrating diversity jurisdiction. *See Lipitor Antitrust*, 855 F.3d at 151 (noting that "an unincorporated association is in the best position to ascertain its own membership" and therefore should not be excused "of its obligation to plead the citizenship of each of its members") (internal quotations omitted); *see also Pike Co.*, 2013 WL 432928, at *1 (holding that a complaint failed to properly demonstrate the Plaintiff/LLP's citizenship for purposes of diversity jurisdiction where it failed to alleged the identities and citizenship of all of the Plaintiff's partners); *MCF Ltd. Partners*

*v. Seneca Specialty Ins. Co.*, 2012 WL 6681813, at *1 (M.D. Pa. Dec. 21, 2012) (same). Thus, Defendant correctly identified a facial defect in the Complaint.

Plaintiff's Amended Complaint, however, specifically identifies the LLC's individual partners and their respective citizenships, thereby curing the facial defect in its original Complaint with respect to its burden of establishing diversity jurisdiction.[1] Plaintiff filed its Amended Complaint on May 3, 2017—14 days after Defendant filed his Motion on April 19, 2017. The Federal Rules of Civil Procedure permit a party to "amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)" if the pleading is one to which a responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(B). As such, Plaintiff's Amended Complaint was properly filed in accordance with the Federal Rules on May 3, 2017. "Generally, once an amended complaint is filed, the amended complaint is the operative pleading and it replaces all prior versions of the complaint." *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 462 (D.N.J. 2012) (citing *Snyder v. Pascack Valley Hosp.,* 303 F.3d 271, 276 (3d Cir. 2002)). Because Plaintiff's Amended Complaint is now the operative pleading in this action—and because Plaintiff's Amended Complaint cures the defect in the original Complaint with respect to the facts establishing this Court's subject matter jurisdiction over this action—Defendant's Motion is now moot. Accordingly, Defendant's Motion will be denied as moot.

---

[1] Specifically, Plaintiff's Amended Complaint states that "each partner (Randall P. Andreozzi, Gary P. Bluestein, Daniel F. Brown, and Michael J. Tedesco) of Plaintiff, a limited liability partnership, is a citizen of the State of New York and Defendant is a citizen of the U.S. Virgin Islands . . . ." (Dkt. No. 7 at 1). The Amended Complaint further alleges that "the amount in controversy, exclusive of interest and costs, exceeds $75,000." *Id.*

## **ORDER**

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Waleed Mohammed Hamed's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 4) is **DENIED AS MOOT**.

**SO ORDERED**.

Date: March 2, 2018

_____/s/_____
WILMA A. LEWIS
Chief Judge